## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **KYRAN BARR** <br><br> *Plaintiff* <br><br> Vs, <br><br> **RUBIN & ROTHMAN LLC** <br> **MIDLAND FUNDING LLC** <br> **AAA ATTORNEY SERVICE CO OF NY INC** <br><br> *Defendant* | Case no.:   1:11-CV-0328 (GLS/RFT) <br><br><br> **COMPLAINT** <br><br> *Jury Trial Demanded* |

Albany County          }
New York State        } ss:

Kyran Barr , the Plaintiff in this action, by his attorney, complains of the defendant by alleging and showing that:

### NATURE OF ACTION

1.      This is an action to enforce the Fair Debt Collection Practice Act (FDCPA) 15 USC §1692 *et seq*,

### JURIDICTION AND VENUE

2.      This Court has federal question jurisdiction under 15 USC §1692k (d) and 28 USC §1331. Declaratory relief is available per 28 USC §§ 2201 and 2202. The Court has supplemental jurisdiction over state claims per 28 USC § 1367

3.      Venue is proper in this district per 28 USC §1391 (b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district because defendants conduct business in this district and the injury occurred in this district.

**PARTIES**

4.    At all relevant times:

    a.    I am and was a resident of  Redondo Beach, California.

    b.   I am a" consumer" as that term is defined in the FDCPA, in that I am a natural person who allegedly owes a debt to another. I am a "consumer" as that term is used in the New York State Business Law § 349.

5.    Upon information and belief, at all relevant times, **Rubin and Rothman LLC** ( R&R )  :

    a.   is a New York limited liability company  with a principal place of business at Islandia, Suffolk County,  New York

    b.   Is a "debt collector" as that term is  defined in the FDCPA;

    c.   Is in the business of collecting consumer debt for others by use of the mail, telephone, and the courts of New York and other means of interstate commerce;

    d.   conducts business in this district and has an agent in this district;

6.    Upon information and belief, at all relevant times, **Midland Funding LLC** ( " Midland"):

    a.   is a Delaware limited liability company with a principal place of business in San Diego, California;

b.  Is a "debt collector" as that term is  defined in the FDCPA;

c.  Is in the business of buying and collecting defaulted consumer debt by use of the mail, telephone, and the courts of New York and other means of interstate commerce;

d.  conducts business in this district and has an agent in this district;

e.  directed and supervised the other defendants, or approved their actions, in an attempt to collect a debt from me.

7.    Upon information and belief, at all relevant times,  **AAA Attorney Service Co. of NY , Inc.** ( "AAA"):

a.  is a New York corporation with a principal place of business in New York, New York.

b.  is engaged in the business of collecting consumer debts by assisting the other defendants to file and maintain civil collection lawsuits and to obtain default judgments in those cases by the issuance of affidavits and other communications ( relied upon by the courts and consumers alike) and by the use of mail, telephone, the courts of New York State and other means of interstate commerce.

b.  Is a "debt collector" as that term is  defined in the FDCPA;

c.  conducts business in this district and has an agent in this business;

    d.   acted on its own and on behalf of the other defendants and acted under the direction and supervision and with the approval of the other defendants, in an attempt to collect a debt from me.

## FACTUAL ALLEGATIONS

8.      On  or about  8/30/10  MIdland hired R&R and the other defendants to sue me.  R&R  sued me for  Midland by filing a summons and complaint in the Albany  City Court ( " state court action") .  A copy of the summons and complaint is attached as Exhibit A.

9.      The subject of the lawsuit was an alleged credit card debt to Citibank that Midland says it bought  which (whether I owe it or not)  is   an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, or services are primarily for personal, family, or household purposes, hence  a "debt" as that term is defined by the FDCPA

10.     The complaint was not verified but signed by Adam V Acuff, an R&R attorney, in the normal course of his employment.   By signing the complaint, R&R certified to the Court and to me that the complaint was not frivolous, i.e., did not contain an false statement of material fact. [1]

*Sewer Service*

11.     In paragraph 1 of the complaint Midland and R&R  alleged that I live  in Albany County.

12.     In fact, I live and have, at all relevant times , lived in California.

---

[1] per 26 NYCRR Part  130.1 and Part 130.1-1.a , Rules of the Chief Administrative Judge

13.    In fact, Midland knew or had reason to know I lived in California since it sent me mail there.  By extension, R&R and AAA knew or had reason to know I lived in California.  Instead, the defendants chose to sue me at an Albany, New York  address that is not mine.

14.    MIdland and R&R  did not allege that I signed a contract or other document evidencing a debt to plaintiff or its predecessor  in the City of Albany.   In fact, I did not.

15.    I have not/do not  live or work  or had a place for business in the City of Albany, New York;  I live in Redondo Beach, California and work in Carson, California.

16.    Defendants knew the Albany City Court would not accept the summons and complaint for filing  if it had my California address on it.

17.    Thereafter,  the defendants Midland and R&R  delivered the summons and complaint in this action to the defendant AAA Attorney Service Co. of NY, Inc. along with $40.00 as a fee for its services.

18.    On 9/15/10  a Steven Avery  was sworn by Harvey Tauber, and then Avery deposed that on 9/14/10, at 150 Homestead Avenue, Albany,  New York, he served the summons and complaint in the state court action on me. Steven Avery  stated under oath that I was served personally with a copy of the summons and complaint, that he asked me if I was in the military, and that he knew me.

19.    Upon information and belief, Avry and Tauber work for AAA and acted in the normal course of AAA's business.

20.    A true copy of the affidavit of service signed by Steven Avery and taken by Harvey Tauber is attached as Exhibit B.

21.    The averments, statements, depositions and the affidavit of service at Exhibit B were false, and, in fact, Steven Avery had not served the summons or verified complaint on me, and had not done any of the other acts set forth in the affidavit.

    a.   Contrary to the affidavit of service, 150 Homestead Avenue, Albany, NY,  is not my actual dwelling place or usual place of abode. It is my mother's house. As stated, I live in California.  I was not in Albany at the time.

    b.   Contrary to the affidavit of service, I am not a 50 yr old Black man with Black hair. I am a 46 year old White man with brown-grey salt n pepper hair.

    c.   I do not know a Steven Avery and he does not know me.

22.    As I am informed and believe, no one went to my mom's house on the date and time alleged.

23.    In other words, the affidavit of service is false.

24.    Defendant AAA caused the false affidavit of service to be filed in the Albany City Court on 9/17/10.

25.    MIdland and R&R knew or had reason to know that the affidavit of service was false.

*False , Misleading , Deceptive Affidavit*

26.     Meanwhile, on or about 8/27/10, in connection with the state court
        action against me,  defendants caused a Kelly Ellsworth to make and
        swear to an affidavit.

27.      The purpose of the affidavit was to supply the Albany City Court with
        non-hearsay proof of the facts underlying the claim, as required by New
        York Civil Practice Law and Rules 3215(f), of which we ask the Court to
        take notice.  The affidavit is a prerequisite to entry of a default judgment.

28.     Ellsworth identifies herself as a " Legal Specialist" for Midland  with
         " personal knowledge" of the account with " access"  to  " records
        pertaining to the account."  Ellsworth then states that I had a "revolving
        credit agreement " with Citibank, that I agreed to pay Citibank for all
        charges and advances, that I used or authorized others to use the "credit
        card account" to obtain loans and that I failed to make payments due
        pursuant to the agreement, and that I owed $9017.34.

29.     At paragraph 2 of her affidavit Ellsworth references "relevant financial
        information concerning the account" but then  includes no documents.

30.     A true copy of the affidavit is attached as Exhibit C.

31.     The affidavit is misleading and false.  At the time of Ellsworth's affidavit
        and at the time it was submitted  to the Albany City Court, Midland did
        not possess, as we are informed and believe:

        a.    a copy of a " revolving credit agreement " between me and Citibank,

b.   evidence to support the statement that I agreed to pay Citibank monthly installments,

c.   any evidence that I actually used a Citibank credit card to obtain loans, including a chronological history showing charges, advances and payments concluding in a balance of $9017.34 ;

d.    any evidence to support the allegations in the complaint that statements were sent to me by Midland or Citibank or anyone else;

e.   any documents sufficient to establish it was the legal owner of a Citibank account in my name, including a complete chain of title from Citibank to Midland.

32.    Indeed, at the time of Ellsworth's affidavit and at the time it was submitted to the Albany City Court, MIdland did not possess any documents or evidence sufficient to prove the elements of a prima facie case for a credit card account, as set forth by the courts of New York State generally, and in particularly for the Appellate Division of the Third Judicial Department, of which Albany City Court is a part. [2]   The only information Midland had to support the  existence of a Citibank account in my name was, as I am informed and believed,  data conveyed electronically in "name, rank , serial number" style along with others allegedly purchased at the same time by Midland.

33.    Ellsworth's affidavit is also misleading and deceptive in that she gives the impression to me and the Court that  she has reviewed relevant documents relating to a Citibank account in my name and the assignment of it to Midland when, in fact, as I am informed and believe

---

[2] we ask the Court to take notice of  *Citibank vs Roberts*  304 AD2d 901 ( 3rd Dept 2003) *and Citibank vs Martin*  11 Misc3rd 219 ( NY CivCt. New York County 2005)

she made no such review and merely signed the affidavit because she was told to.

34.    Based on both the affidavit of service and Ellsworth's affidavit, defendants induced the Albany City Court Clerk to enter a default judgment against me on 11/3/10 in the amount of $13,447.33.

35.    As a result, I had to hire an attorney at a cost of $ 1400.00 to defend me from this claim.

36.    Because Midland had no evidence to support its prima facie claim,  the defendants did not intend to take its claims to a trial at which it would have to prove its entitlement to relief. Defendants intended, instead, to either force me into a settlement with them or take a default judgment by which they could coercively take money from me.

37.    When it became clear to defendants they would have to defend the service of process and/or prove its claim at a trial, defendants signed a stipulation to vacate the judgment and discontinue the action against me.

38.    As I am informed and believe, it is the practice of defendants to vacate and discontinue actions when the defendant obtains counsel or moves against the default judgment or otherwise contests Midland's claims.

39.    Because of the defendants' actions described herein, including taking a default judgment against me based on two false affidavits,  I suffered emotional distress, anxiety, anger, shame, frustration, fear, sleeplessness and restlessness, insecurity in my daily business,  and humiliation  that began in December when I first learned of the judgment and continues to this day.

## COUNT  1

*(Violation of the Fair Debt Collection Practices Act 15 USC 1692i- improper venue)*

40.     I reallege and reiterate the allegations of the preceding paragraphs;

41.     Midland and R&R's   actions in suing me in a judicial district ( i.e., the Albany  City Court)  where I do  not live nor where the alleged credit card contract sued upon was  signed, was improper and unfair, and violates 15 USC §1692i and 15 USC §1692f

## COUNT 2

*(Violation of the Fair Debt Collection Practices Act 15 USC 1692f*
*Unfair/unconscionable collection practice)*

42.     I reallege and reiterate the allegations of the preceding paragraphs;

43.     Midland and R&R's  acts of suing me in a judicial district ( i.e., the Albany City Court)  which did not have jurisdiction over me or the subject matter when it knew or should have known I lived in another state,  was oppressive, deceptive,  improper and unfair,  violating  15 USC §1692d, 15 USC §1692e(5), 15 USC  §1692f and 15 USC §1692i

## COUNT 3

*(Violation of the Fair Debt Collection Practices Act 15 USCe and f)*
*(deceptive and unfair practice of filing a false complaint/affidavit of service)*

44.     I reallege and reiterate the allegations of the preceding paragraphs.

45.    The defendants' acts of:

a.   alleging and certifying in the complaint that I lived in Albany County when defendants knew or had reason to know I lived in California, and

b.   causing a complaint to be filed alleging an address where I did not live for the purpose of inducing the Albany City Court to accept it, and

b.   causing the making and filing a false affidavit of service to induce the Albany City Court to enter a default judgment against me when I was never served,

were oppressive, deceptive, misleading, false, unfair and unconscionable, violating 15 USC 1692d, 15 USC 1692e, 15 USC 1692e(2)(A), 15 USC 1692e(5), 15 USC 1692e(10) and 15 USC 1692f and 15 USC 1692f(1).

## COUNT 4

*(Violation of the Fair Debt Collection Practices Act)*
*( filing a false and misleading affidavit of merit)*

46.    I reallege and reiterate the allegations of the preceding paragraphs.

47.    Midland and R&R's act of offering and filing a false and/or misleading affidavit of facts   to induce the Albany City Court to enter a default judgment against me even when MIdland and R&R knew Midland did not have the requisite proof to establish its claim and that the averments made therein were not true,   violates 15 USC 1692e, 1692e(2)(a), 1692e(5), 1692e(10), 1692f

**COUNT 5**

( *Abuse of Process)*

48.     I reallege and reiterate the allegations of the preceding paragraphs.

49.     Defendants knew or should have known that the statements made in the affidavit of service described above were false when made, and they knew or should have known that Steven Avery had not served the summons or verified complaint on *me* and had not done any of the other acts set forth in the affidavit.

50.     The defendants  intentionally and willfully caused or induced the clerk of the Albany City Court ,relying on the affidavit, to enter a default judgment against me.

51.     By engaging in and consenting to the acts described above, the defendants, under color of law, subjected me to abuse of process.

**COUNT 6**

**(** *Violation of New York General Business Law 349)*

52.     I reallege and reiterate the allegations of the previous paragraphs.

53.     Defendants have each acted with deception in their business pursuit of collecting consumer debts from me and others like me.

54.     Such acts, i.e., suing me in a place where I do not live when they knew otherwise, making, filing and certifying a false complaint in order to commence an action against me in Albany, making filing and certifying false affidavits of service in order  to obtain a default judgments, making, filing and certifying false or misleading affidavits of merit/facts in order

to obtain default judgments, abusing legal process for such an end , then discontinuing the judgments when opposition arises, are false and/or deceptive in a material way as defendants could not  obtain default judgments against consumers without them and their effect is to deny consumers notice of claims and the ability to defend them, thus are material acts of deceit.

55.    Upon information and belief, one or more of these wrongful acts are performed whenever Midland obtains a default judgment against a consumer in this district.

56.    I and others in this district who are sued by defendants are damaged thereby.

57.    The defendants'  actions as alleged in the above Counts  were frequent, intentional, and persistent.

58.    As a result I have been damaged

**JURY DEMAND**

I respectfully request a trial by jury of all issues.

**WHEREFORE**, I ask the Court for judgment:

a.   declaring the actions of  the defendants  in violation of the FDCPA ;

b.   awarding me actual damages, jointly and severally;

c.   awarding me statutory damages per 15 USC §1692k and GBL§ 349 against each defendant;

d.   awarding me costs and disbursements of this action,  and reasonable attorney's fees ( per 15 USC § 1692k and GBL 349),  and

e.   such other, further and different relief as the Court finds proper here.


DATED:    1/25/11



_____*S/ Anthony J Pietrafesa* _____

**ANTHONY J PIETRAFESA ESQ. (102368)**

*Attorney for the Plaintiff*
210 Bell Court
Schenectady NY 12303
518.218.0851
Fax: 518.514.1241
ajp@ajp1law.com

VERIFICATION

State of California                    }
County of Los Angeles          } ss:


Kyran Barr , being duly sworn, deposes and says: I the plaintiff  in this action, I have read the complaint, and the factual allegations contained in the complaint are true to my personal knowledge except for those based on my information and belief, and as to those I believe them to be true.


*s/ Kyran Barr*

_____  _____




Sworn to and Subscribed
Before me on  1/26/11

 *s/ Adele G. Overton*
_____

Notary Public- California
Commission 1754742 - Los Angeles County
Comm Exp July 1, 2011